White, C. J.
The court, on the trial, found the purchase of Worthington at the sale by the master commissioner to have been made in good faith, and there was evidence in the case to warrant that finding. The requisite steps not having been taken in the court below, by motion for a new trial, to authorize this court to review the finding as to the *628 weight of evidence, our inquiries are limited to errors of law arising on the record.
The only error of this character here relied on, consists of the supposed invalidity of the sale by the master.
It is contended for the plaintiff in error, that the sale was void by reason of the absence of the propellers at the-time the sale was made.
In support of this proposition, cases were cited to show that a sale of personal property under execution is void,, unless the property is identified and open to the inspection of bidders, so that they may form an estimate of its value-
It is also contended that as the vessels were not within the jurisdiction of the court, the latter had no power to-order the sale; or, if the court had such power, it did not undertake to exercise it, and that the decree only authorized the master to sell in case he could get possession of the property.
Construing the order of the court with reference to the’ subject matter, and in the light of the pleadings, it was the-manifest understanding of both the court and the parties, that the vessels were not expected to be present at the sale-It appeared from the mortgages which it was the object of the suit to foreclose, that the vessels had been duly enrolled at the port of Buffalo,'and that they were in the possessions of Charles Ensign, the owner of the other undivided half, who had been constituted the managing owner. No provision had been made during the pendency of the suit forgetting possession of the vessels by order on the parties or otherwise, if such a thing were practicable. Nor was any such provision contained in the final decree. The master was not ordered to obtain possession before proceeding to execute the order of sale; and the issuing of the order was made contingent only upon the non-payment of the amount found due the plaintiff by the decree.
It is true that, by the order of sale, the master was commanded to sell the mortgaged property as upon execution’ at law, and to apply the proceeds of sale to the payment of' the demands specified. But this was not intended to make- *629 ■the execution of the power of sale contingent upon the unere chance of his getting possession of the vessels. Full power was intended to be vested in the master to make the sale, notwithstanding the absence of the vessels; but, in executing the power, he was required, in all other respects, to conform to the law regulating the sale of similar property upon ordinary execution.
In so far as the sale is supposed to be impeachable on ■the ground of a want of power in the court to sell the vessels, because they were beyond the territorial jurisdiction ■of the court, the objection rests on a misconception of the remedy sought, and of the nature of the jurisdiction called into exercise by the case. The plaintiff, Worthington, was mortgagee, whose mortgage had become absolute. The defendants were the subsequent mortgagees, and the mortgagors, the appearance of all of whom had been duly • effected to the suit. The jurisdiction of the court, therefore, over the parties was complete.
The object of the suit was to foreclose the equity of re«demption held by the defendants against the plaintiff’s mortgage. This could as well be done, on their failure to redeem within the specified time, by ordering a sale through ,& master, as by compelling a release or cutting off the ^equity by absolute decree. The nature of the suit was not that of a proceeding in rem, but in personam; aud the court, ;as a court of equity, had full authority acting upon the parties, to deal and adjudicate in respect to the rights of the parties in the property, without regard to where the property itself was located, as the ends of justice might re-squire. 2 Spence’s Equitable Jurisdiction, etc., 6, 7; Booth v. Clark, 17 How. 332; Portartington v. Soulby, 2 Mylne & K. 108.
It may also be remarked, that the subsequent mortgagees .are the only parties here seeking to impeach the sale.
Courts of equity, it is true, in ordering a sale of property follow the rules regulating sales by ordinary execution, ■where they are applicable. But where the subject with ■■.which the court is dealing, is such that these rules can not *630 be applied without defeating the ends of justice, the same necessity out of which the system of equitable remedies originated, requires such rules to be disregarded.

Judgment affirmed.